## FRANK TELICO v. STATE.

No. A-2740.    Opinion Filed July 14. 1917.

(166 Pac. 76.)

**INTOXICATING LIQUORS—Unlawful Possession—Evidence.** The unloading by a public drayman of a barrel of whiskey on a vacant lot is not sufficient proof, against the owner of the lot, of the unlawful possession with intent to sell whisky, to warrant a conviction of the owner of such lot, in the absence of proof that the whisky belonged to him, or that acts of ownership were exercised by him over the whisky.

*Appeal from County Court, Pittsburg County;*
*S. F. Brown, Judge.*

Frank Telico was convicted of violating the prohibitory law, and appeals.  Reversed.

*W. N. Redwine* and *H. A. Moles,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  Frank Telico was convicted in the county court of Pittsburg county on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, and appeals to this court for a reversal of the judgment.

On the 16th day of March, 1915, two barrels of intoxicating liquor were unloaded at the station at Haileyville in Pittsburg county and draymen loaded it on two separate wagons; one of the wagons went east and the other west.  One barrel was unloaded near a little shack located on a lot belonging to the plaintiff in error.  A deputy sheriff followed the wagon which unloaded the barrel on the vacant lot referred to, and walked up before the drayman left and said, "What have you got?"  The drayman, whose name was Dunham, replied, "I don't know."  The officer knocked the head of the barrel in and again said, "What is it?"  The drayman said, "I don't know."  He reached into the barrel and pulled out a bottle branded, "I. W. Harper Whisky."  Telico was present, and the officer asked him what he was doing with this whisky.  Telico replied that he didn't know, and denied having anything to do with it or knowing anything about why it was there.  The drayman denied that the whisky was his, and denied knowing to whom it belonged.

A. C. Johnson testified that he lived at Haileyville and was an officer at the time the arrest was made; that there were several Italians living near where the whisky was unloaded; that Telico is also an Italian; that he had

13 O C R—20

known him a long time, and he was considered a good citizen, and that he never heard of his being arrested before.

W. E. Ruth testified that he was in the transfer business; that his company hauled the whisky in question; that he did not know who had it done; that a man by the name of T. W. Jones paid for the drayage; that Telico had the reputation of being a law-abiding citizen.

Telico testified in his own behalf that he did not have the whisky in his possession, and did not know anything about it; that he first saw it sitting near the steps of a barn or shack on a lot belonging to him, but did not see it delivered there, and did not know it was going to be delivered there; that he was standing looking at it when the officer asked him about the property on which the barrel was sitting, and he told him it was his, but that he had nothing to do with the whisky; that people drive over the lot to get to the adjoining property; that it is an open lot and has no fence around it; that he had given nobody permission to unload whisky there, and had nothing whatever to do with it.

A number of assignments of error were argued orally and are urged in the brief. We find it necessary, however, to discuss only one; that is, that the judgment of conviction is contrary to the evidence.

It appears from a reading of the entire record that the barrel of whisky was unloaded on a lot owned by the plaintiff in error. There is no proof to indicate that he ordered the whisky or had anything to do with it or that he knew it was going to be delivered or unloaded on his vacant lot. He was not in possession of the same any more than was any one else. He never exercised any act of

ownership or control. The state failed to show by the records of the express company or the freight records of the railroad company that the whisky was shipped to him. No proof of any kind was offered in this connection. It was not only within the power of the state to produce evidence of this character if such was the fact, but it was its duty to do so. The plaintiff in error appears to be a reputable, law-abiding citizen, and gives a straightforward account of his presence on the occasion the whisky was found.

The judgment of conviction is contrary to the evidence. If, as a matter of fact, this plaintiff in error ordered the whisky and it was shipped to him, the records of the express company or of the railroad company will so show. No hardship can result to the state by a reversal of the judgment. Unless plaintiff in error can be connected with the transaction by proof stronger than the mere fact that the whisky was found on a vacant lot belonging to him, a retrial would not be warranted.

The judgment is reversed, and the cause remanded, with directions to grant a new trial.

DOYLE, P. J., and MATSON, J., concur.